IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK W. POINDEXTER,              :
                                 :     1:11-cv-667
          Plaintiff,             :
                                 :     Hon. John E. Jones III
          v.                     :
                                 :
JACKIE MUSTO CARROLL, *et al.*,  :     Hon. Susan E. Schwab
                                 :
          Defendants.            :

## MEMORANDUM

### May 23, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Susan E. Schwab (Doc. 108), filed on March 12, 2013, which recommends that Defendants' Motions for Summary Judgment (Docs. 57 and 81) be granted and that *pro se* Plaintiff Mark W. Poindexter's ("Plaintiff" or "Poindexter") Motion for Summary Judgment (Doc. 95) be denied. Objections to the R&R were originally due by March 29, 2013, however Plaintiff was granted two extensions of time to file objections thereto. The May 6, 2013 extended deadline for the filing of Plaintiff's objections has now passed without a filing by Plaintiff. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety and close

this case.

## I.    STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn,* 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.    DISCUSSION

As noted above, within her thorough and well-reasoned 45-page R&R, Magistrate Judge Schwab recommends that Defendants' Motions for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied.

Specifically, the Magistrate Judge concludes that the Defendant parole and police officers are protected by the doctrine of qualified immunity as a matter of law. We agree entirely with the Magistrate Judge's analysis and conclusions, thus we shall only endeavor to briefly summarize the contents of the R&R herein.

The doctrine of qualified immunity protects government officials from liability for their participation in constitutionally impermissible conduct if the officials' actions did not violate 'clearly established constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Hope v. Pelzer*, 536 U.S. 730, 739 (2002). The Magistrate Judge determined here that, although the state trial judge suppressed drugs and drug paraphernalia as fruit of the poisonous tree resulting from a search conducted in violation of the Fourth Amendment, the Defendants are entitled to qualified immunity because they did not violate Plaintiff's clearly established rights. We agree with the Magistrate Judge that despite the suppression order, the Defendants conduct relative to Plaintiff at the time the search took place was objectively reasonable. Specifically, the parole officer Defendants detained the Plaintiff and other occupants of the home of a parolee for a short period of time while they secured the premises. Then, in response to a sudden movement that suggested that one of the occupants might be trying to hide something, the parole officers

executed patdown searches on Poindexter and the other occupants. Before all of the occupants in the premises were secured, the parole officers found a bag of drugs and called the police. After the police officer Defendants arrived, they conducted a consent search of the home and found additional drugs. When questioned, Poindexter gave the police a name that was later determined to be false. The police officer Defendants arrested the Plaintiff and charged him with crimes. Applying the benchmarks of qualified immunity to these facts, we agree with the Magistrate Judge that it would not have been clear to a reasonable officer that the Defendants' actions under the circumstances violated Poindexter's clearly established rights.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.